UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| TIFFANY A. BERRY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TOWN OF HADLEY, MASSACHUSETTS; | ) |
| | ) |
| MICHAEL A. ROMANO | ) |
| (HADLEY PATROL OFFICER); | ) |
| | ) |
| DOUGLAS COSTA | ) |
| (HADLEY POLICE SERGEANT); | ) |
| | ) |
| JESSICA DAMON | ) |
| (AMHERST POLICE OFFICER) | ) |
| | ) |
| Defendants | ) |

**COMPLAINT
WITH
JURY TRIAL DEMANDED**

## INTRODUCTION

The plaintiff, TIFFANY BERRY [hereinafter BERRY] alleges that the defendants jointly and severely caused her physical injury, emotional injury and financial injury after she was stopped by officers of the Hadley Police Department. BERRY alleges that she was subjected to an unlawful detention without reasonable suspicion. BERRY alleges that she was arrested without probable cause. BERRY alleges that during the course of her arrest she was subjected to excessive force and police brutality by all police defendants.

The Defendants' actions (a) violated the State Civil Rights Act; (b) violated the Federal Civil Rights laws; (c) amount to an assault and battery; (d) amount to intentional infliction of emotional distress; (e) amount to negligent infliction of emotional distress; and (f) amount to negligence.

**PARTIES**

1. The plaintiff, TIFFANY A. BERRY is a natural person residing at Tiffany Berry, 20 Olivine Street, Apartment #3, Chicopee, Massachusetts;

2. The Defendant, the TOWN OF HADLEY, MASSACHUSETTS (hereinafter "HADLEY"), is an incorporated municipality located in Hampshire County in Massachusetts. As an incorporated municipality, HADLEY is a public body corporate and politic established, organized, and authorized under and pursuant to the laws of Massachusetts, with the authority to sue and be sued, and was at all times relevant herein, operating within the course and scope of its authority and under color of state law;

3. The Defendant, MICHAEL A. ROMANO (hereinafter ROMANO), is a natural person who at all relevant times was employed by the city of Hadley, Massachusetts as a police officer. He is named in this complaint in his personal and his professional capacity;

4. The Defendant, DOUGLAS COSTA (hereinafter COSTA), is a natural person who at all relevant times was employed by the city of Hadley, Massachusetts as a police sergeant. He is named in this complaint in his personal and his professional capacity;

5. The Defendant, JESSICA DAMON (hereinafter DAMON), is a natural person who at all relevant times was employed by the city of Amherst, Massachusetts as a police officer. She is named in this complaint in her personal and his professional capacity;

**JURISDICTION, VENUE and NOTICE**

6. This action arises under the Constitution and laws of the United States, Article III, Section I of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201;

7. This case is initiated in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which the Plaintiff resides and in which the Defendants maintain their employment and/or reside;

**STATEMENT OF FACTS**

8. On Saturday August 28, 2016 at approximately 4:11 a.m., ROMANO was on routine patrol on Russell Street (Route 9) in HADLEY when he observed a motor vehicle pull into the Applebee's restaurant parking lot;

9. Without having observed a civil motor vehicle infraction nor having reasonable suspicion of criminal activity, and believing only that the occupants of the vehicle were lost and in need of assistance. ROMANO pulled into the Applebee's restaurant to investigate.

10. ROMANO approached the motor vehicle and introduced himself as a police officer to the driver, BERRY.  ROMANO inquired if BERRY and the female passenger, Sarah Dandy (hereinafter DANDY) were lost or needed assistance.  BERRY did not respond however DANDY answered that the women were on their way to meet a friend.

11. ROMANO noted that BERRY's eyes appeared to be red/bloodshot and glossy. ROMANO  informed both females to sit tight while he repositioned his fully marked cruiser behind the car, activated his emergency lights and forward facing white lights. ROMANO called for back-up.

12. ROMANO returned to the driver's side window and requested that BERRY produce her license and registration.  BERRY produced these documents. The documents were in order.  BERRY had a valid driver's license. BERRY's motor vehicle was properly registered and inspected.

13. ROMANO requested that the passenger DANDY exit the vehicle.  DANDY agreed to do so.  DANDY exited the car and walked to the rear of the vehicle and spoke with ROMANO.   After a brief conversation with ROMANO,  DANDY she was instructed to return to the car.

14. At this point COSTA arrived at the scene in a fully marked police cruiser. ROMANO and COSTA discussed the situation and ROMANO returned to the car and ordered BERRY to exit the car in order to perform field sobriety tests.

15. BERRY informed the police officers that she had done nothing wrong. BERRY informed police that she was aware that her license was in order and that she was aware that the car was properly registered.

16. BERRY refused to exit the car and refused to perform any field sobriety tests.

17. ROMANO inaccurately told BERRY that  "she did not have the right to refuse field sobriety testing."

18. BERRY again  refused to exit the car or take any tests.

19. After waiting only 10 to 15 seconds, ROMANO and COSTA physically removed BERRY from the car utilizing pain compliance techniques.

20. Specifically COSTA and ROMANO used a hyper-flexing wrist lock to inflict pain and attempt to gain complaince over BEERY passive resistance.

21. COSTA and ROMANO then effected an arm-bar take down of BERRY.  COSTA and ROMANO forced BERRY to the ground.  BERRY was placed in handcuffs and secured in the back seat of the police cruiser.

22. COSTA or ROMANO than requested a female police officer to come to the scene and assist. Amherst Police Officer DAMON responded to the scene.

23. Upon DAMON's arrival, BERRY was removed from the police cruiser to be pat-frisked.

24. During the pat-frisk, BERRY complained of pain in her wrists and her arms. She pleaded with officers that the handcuffs were too tight.  She requested that the cuffs be removed or loosened.

25. COSTA, ROMANO and DAMON failed to acknowledge her painful pleas for assistance and in fact further manipulated her wrists in a manner causing excruciating pain.

26. BERRY was arrested and transported to the Hadley Police Station. She requested medical attention.  Amherst Fire and Rescue Officers Steven Chandler (hereinafter CHANDLER) and William Messier (hereinafter MESSER) arrived.

27. CHANDLER and MESSER examined BERRY's wrists.  CHANDLER reported that "patient has abrasions bilaterally on her forearms in circular fashion that appear consistent with her story that they were caused by the handcuffs."

28. BERRY was transported to Cooley Dickenson Hospital where she was treated in the emergency room.  X-ray imaging revealed a fracture of BERRY's  ulnar bone, the long bone found in the forearm that stretches from the elbow to the smallest finger.

29. Cooley Dickinson Hospital medical records indicate that BERRY "has poor range of motion of all extremities," "a cast or splint is used to protect and keep your injured bone from moving," and BERRY was instructed to  "wear the splint as directed."

30. BERRY was charged with Operating Under the Influence of Alcohol (Second Offence); Resisting Arrest and Disorderly Conduct.

31. BERRY was held in police custody until she was discharged from the hospital.

32. BERRY elected to proceed on all counts with a jury trial.  On the morning of trial, prior to selecting a jury, the assistant district attorney dismissed the charge of Disorderly Conduct indicating that there was insufficient evidence to establish the element of this offense.

33. At the close of the Commonwealth's evidence, the Defendant moved for a required finding of not guilty as to the remaining counts.  The trial judge, after argument and due consideration agreed that a required finding of  not guilty was appropriate on the charge of resisting arrest.

34. Thereafter the jury acquitted BERRY on the charge of operating under the influence of intoxicating liquor.

35. All criminal charges against BERRY were dismissed or otherwise resolved in her favor.

36. As a direct and proximate result of the wrongful conduct of each of the Defendants individually and in concert, BERRY has been substantially injured. These injuries include, but are not limited to, loss of her constitutional rights, loss of her state rights and federal rights, physical injuries, impairments and disfigurement, great physical pain, great emotional distress, false arrest, false imprisonment, malicious prosecution, ongoing special damages for medical and psychological treatment caused by the unconstitutional and moving forces of all of the Defendants, attorney fees and the costs associated with this litigation.

37. BERRY's injuries were directly and proximately caused by the actions and omissions of all the DEFENDANTS;

38. BERRY's injuries have required on-going medical treatment, care and expenses;

39. BERRY's injuries have resulted in significant physical pain and suffering;

40. BERRY's injuries have resulted in disabling BERRY from employment opportunities, earned wages, activities of daily living and engaging in recreational activities;

41. BERRY's injuries have resulted in extreme emotional distress and mental suffering;

42. BERRY's injuries have resulted in embarrassment and humiliation;

43. BERRY is also entitled to punitive damages on all of her claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF 42 USC §1983 - EXCESSIVE FORCE**
**(Against Defendants ROMANO, COSTA and DAMON)**

44. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

45. 42 U.S.C. §1983 provides:

    Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

46. BERRY is a citizen of the United States and for purposes of 42 U.S.C. §1983;

47. ROMANO, COSTA and DAMON are persons for purposes of 42 U.S.C. §1983;

48. ROMANO, COSTA and DAMON at all times relevant hereto, were acting under color of state law in their capacity as Police Officers and their acts and omissions were conducted within their official duties and employment;

49. At the time of the complained events, BERRY had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in her person from the unreasonable use of excessive force;

50. BERRY also had the clearly established right under the Fourth and Fourteenth Amendments to bodily integrity and to be free from excessive force by law enforcement officers;

51. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

52. The Defendants, ROMANO, COSTA and DAMON's actions and use of force described herein, were malicious and/or involved reckless, callous, and deliberate indifference to BERRY's federally protected rights.  The force used by ROMANO, COSTA and DAMON  shocks the conscience and violated BERRY's Fourteenth Amendment rights;

53. ROMANO, COSTA and DAMON unlawfully seized BERRY by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining BERRY of her freedom;

54. The force used by ROMANO, COSTA and BERRY constituted force sufficient enough to cause substantial bodily harm and did in fact cause substantial bodily harm, including but not limited to fracturing BERRY's arm;

55. ROMANO, COSTA and DAMON failed to take reasonable steps to protect BERRY from objectively unreasonable and consciously unreasonable and consciously shocking excessive force being utilized by each of the other Defendant officers present at the scene of the arrest. They are each liable for the injuries and damages resulting from the objectively unreasonable, excessive, brutal and conscious shocking force initiated by each of the other officers;

56. The acts and omissions of ROMANO, COSTA and DAMON were the direct and proximate cause of the injuries suffered and the damages incurred by BERRY;

57. ROMANO, COSTA and DAMON acted in concert and joint action with each other;

58. The acts or omissions of ROMANO, COSTA and DAMON described herein intentionally deprived BERRY of her constitutional rights and statutory rights and caused her injury and damages;

59. ROMANO, COSTA and DAMON are not entitled to qualified immunity for the complained of conduct;

60. ROMANO, COSTA and DAMON at all times relevant hereto were acting pursuant to municipal / county custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to BERRY;

61. As a proximate result of ROMANO, COSTA and DAMON's unlawful conduct, BERRY has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF STATE CIVIL RIGHTS STATUTE**
**THROUGH USE OF THREATS, COERCION and INTIMIDATION**
**(M.G.L. c. 12, §§ 11H and 11I)**
**(Against Defendants ROMANO, COSTA and DAMON)**

62. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

63. The Defendants, ROMANO, COSTA and DAMON interfered with BERRY's exercise and enjoyment of her rights secured by the Constitution or laws of either the United States or of the Commonwealth of Massachusetts by the defendants use of threats, intimidation and/or coercion against BERRY;

64. The Defendants, ROMANO, COSTA and DAMON's use of threats, intimidation and coercion interfered with BERRY's rights to (a) be free from unreasonable use of force; (b) to be free from unreasonable deprivation of her liberty; and (c) to be free from illegal searches of her person and her property;

65. ROMANO, COSTA and DAMON at all times relevant hereto, were acting under color of state law in their capacity as Police Officers and their acts and omissions were conducted within their official duties and employment;

66. At the time of the complained events, BERRY had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in her person from the unreasonable use of excessive force and unnecessary bodily injury;

67. BERRY also had the clearly established right under the Fourth and Fourteenth Amendments, the Massachusetts State Constitution, federal laws, state laws and common laws to bodily integrity and to be free from excessive force by law enforcement officers;

68. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

69. The Defendants, ROMANO, COSTA and DAMON's actions and use of force described herein amounted to threats, coercion and intimidation. The defendants' actions were malicious and/or involved reckless, callous, and deliberate indifference to BERRY's rights protected by the Massachusetts State Constitution and the laws of Massachusetts. The force used by ROMANO, COSTA and DAMON shocks the conscience and violated the state and federal constitutional rights of BERRY;

70. ROMANO, COSTA and DAMON unlawfully seized BERRY by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining BERRY of her freedom;

71. The force used by ROMANO, COSTA and DAMON constituted force sufficient to cause substantial bodily injury and did in fact cause serious bodily injury, including but not limited to fracturing BERRY's arm;

72. ROMANO, COSTA and DAMON failed to take reasonable steps to protect BERRY from objectively unreasonable and consciously unreasonable and consciously shocking excessive force being utilized by each of the other Defendant officers present at the scene of the arrest. They are each liable for the injuries and damages resulting from the objectively unreasonable, excessive, brutal and conscious shocking force initiated by each of the other officers;

73. The acts and omissions of ROMANO, COSTA and DAMON were the direct and proximate cause of the injuries suffered and the damages incurred by BERRY;

74. ROMANO, COSTA and DAMON acted in concert and joint action with each other;

75. The acts or omissions of ROMANO, COSTA and DAMON described herein intentionally deprived BERRY of her state and federal constitutional rights and her state and federal statutory rights and caused her injury and damages;

76. ROMANO, COSTA and DAMON are not entitled to qualified immunity for the complained of conduct;

77. ROMANO, COSTA and DAMON at all times relevant hereto were acting pursuant to municipal / county custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to BERRY;

78. As a proximate result of ROMANO, COSTA and DAMON's unlawful conduct in violation of the Massachusetts State Civil Rights Act, BERRY has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory damages, economic damages, medical expenses, lost

wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF 42 USC §1983**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS,**
**TRAINING and SUPERVISION IN VIOLATION OF THE**
**FOURTH, FOURTEENTH and FIRST AMENDMENT**
**(Against the defendant CITY OF HADLEY, MASSACHUSETTS)**

79. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

80. 42 U.S.C. §1983 provides:

    Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

81. BERRY is a citizen of the United States;

82. The Defendant, the town of HADLEY, Massachusetts based upon the actions of the Hadley Police Department is a person for purposes of 42 U.S.C. §1983;

83. The Defendant, the town of HADLEY, Massachusetts based upon the actions of the Hadley Policy Officers at all times relevant hereto were acting under color of state law;

84. BERRY had the following clearly established rights at the time of the complained of conduct:

    a. the right to be secure in her person from excessive force by law under the Fourth Amendment and 42 U.S.C. §1983;

    b. the right to bodily integrity and to be free from excessive force by law enforcement officers under the Fourteenth Amendment and 42 U.S.C. §1983;

85. The Defendant, the town of HADLEY, Massachusetts knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

86. The acts and omissions of the Defendant, the town of HADLEY, Massachusetts as

described herein intentionally deprived BERRY of her constitutional and statutory rights and caused her damages;

87. The defendant, the town of HADLEY, Massachusetts are not entitled to qualified immunity for the complained of conduct;

88. The defendant, the town of HADLEY, Massachusetts developed and maintained policies and procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of BERRY's constitutional and federal rights as set forth herein and other claims, resulted from conscious or deliberate choice to follow a course of action from various available alternatives;

89. The defendant, the Town of HADLEY, Massachusetts has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcements related policies, procedures, customs, practices and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of BERRY and the public in general;

90. The defendant, the town of HADLEY, Massachusetts failure to properly train it police officers and the failure of the town of HADLEY, Massachusetts to properly monitor and oversee the deployment of pain inducing tactical maneuvers which in this case proximately led to the injuries suffered by BERRY, violated BERRY's federally protected constitutional and statutory rights;

91. In light of the duties and responsibilities of those HADLEY police officers that participate in arrests on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights;

92. The deliberate indifferent training and supervision provided by the defendant, the town of HADLEY, Massachusetts resulted from a conscious and a deliberate choice to follow a course of action from among various alternatives available to the defendant and were moving forces in the constitutional and federal violation injuries complained of by BERRY;

93. As a direct and proximate result of the defendant, the town of HADLEY, Massachusetts'

unlawful conduct, BERRY suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.  As a further result of these defendants' unlawful conduct BERRY has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be determined at trial;

94. BERRY may suffer future medical expenses, lost future earnings and impaired earning capacity from the not yet fully ascertained damages to her wrist. The value of these damages shall be ascertained in trial

95. BERRY is further entitled to attorney fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs allowable by federal law. There may also be special damages for lien interest;

96.  BERRY seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983 to redress defendant, the town of HADLEY, Massachusetts above described ongoing deliberate indifference in policies, practices, habits customs, usages, training and supervision with respect to the rights described herein, which this defendant has no intention for voluntarily correcting despite obvious need and requests for such correction.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF 42 USC §1983 - FALSE ARREST / DEPRIVATION OF LIBERTY
### (Against Defendants ROMANO, COSTA and DAMON)

97.  BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

98.  42 U.S.C. §1983 provides:

Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

99. BERRY is a citizen of the United States;

100.     ROMANO, COSTA and DAMON are persons for purposes of 42 U.S.C. §1983;

101.     ROMANO, COSTA and DAMON at all times relevant hereto, were acting under color of state law in their capacity as police officers and their acts and omissions were

conducted within their official duties and employment;

102. At the time of the complained events, BERRY had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be free from unlawful intrusion of her privacy;

103. At the time of the complained events, BERRY had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be free from unlawful deprivation of her liberty;

104. The Defendant, ROMANO's actions and omissions by invading BERRY's privacy rights without reasonable suspicion of criminal activity and without reasonable suspicion of a civil wrongdoing, were malicious and/or involved reckless, callous, and deliberate indifference to BERRY's federally protected rights;

105. The Defendants, ROMANO, COSTA and DAMON's actions and omissions by depriving BERRY of her liberty without probable cause to arrest, were malicious and/or involved reckless, callous, and deliberate indifference to BERRY's federally protected rights;

106. The Defendants, ROMANO, COSTA and DAMON's failed to take reasonable steps to protect BERRY from objectively unreasonable and conscious shocking by invading her privacy and depriving her of her liberty. They are each liable for the injuries and damages resulting from the objectively unreasonable and conscious shocking detention and assert;

107. The acts and omissions of ROMANO, COSTA and DAMON were the direct and proximate cause of the injuries suffered and the damages incurred by BERRY;

108. The acts or omissions of ROMANO, COSTA and DAMON described herein intentionally deprived BERRY of her constitutional rights and statutory rights and caused her injury and damages;

109. ROMANO, COSTA and DAMON are not entitled to qualified immunity for the complained of conduct;

110. ROMANO, COSTA and DAMON at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to BERRY;

111. As a proximate result of ROMANO, COSTA and DAMON's unlawful conduct, BERRY has suffered actual physical and emotional injuries, and other damages and

losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE
### (Against All Individual Defendants in their <u>Personal Capacity</u>)

112. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

113. In their individual capacity, the defendants ROMANO, COSTA and DAMON owed BERRY a duty of care to insure that she was not harmed or injured while she was being taken into their custody and while she was actually in their custody and care;

114. In their individual capacity, the defendants ROMANO, COSTA and DAMON through their actions and omissions set forth herein breached their duty of care to BERRY;

115. The defendants, ROMANO, COSTA and DAMON breach of their respective duty of care was the direct and proximate result of BERRY's injuries;

116. The defendants, ROMANO, COSTA and DAMON's failure to use proper care in utilizing a hyper-flexing wrist lock, an arm-bar takedown and overly aggressive handcuffing techniques amount to negligence and caused injury to BERRY.

117. As a proximate result of ROMANO, COSTA and DAMON's negligent conduct, BERRY has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages in amounts to be determined at trial;

118. On June 27, 2018, BERRY served the defendant the TOWN OF HADLEY with a letter of presentment pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4]. The TOWN OF HADLEY acknowledged receipt of the presentment letter through their insurer, MIIA Memeber Services. The TOWN OF HADLEY never made an offer to resolve the case;

## SIXTH CLAIM FOR RELIEF
## NEGLIGENCE

**[Massachusetts Torts Claims Act - M.G.L. c. 258, §4]**
**(Against Defendants the Town of Ware and The Massachusetts State Police Department)**

119. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

120. The defendants ROMANO, COSTA and DAMON's owed BERRY a duty of care to insure that she was not harmed or injured while he was being taken into their custody and while she was actually in their custody and care.  The defendant, the Town of HADLEY is responsible for the actions of these employees;

121. The defendants ROMANO, COSTA and DAMON through their actions and omissions set forth herein breached their duty of care to BERRY. The defendant, the Town of HADLEY is liable for any damages arising from this breach of the duty of care causing injury to BERRY;

122. The defendants, ROMANO, COSTA and DAMON's breach of their respective duty of care was the direct and proximate result of BERRY's injuries. The defendant, the Town of HADLEY is liable for any damages arising from this breach of the duty of care causing injury to BERRY.

123. The defendants, ROMANO, COSTA and DAMON's failure to use proper care in utilizing a hyper-flexing wrist lock, an arm-bar takedown and overly aggressive handcuffing techniques amount to negligence and caused injury to BERRY. The defendant, the Town of HADLEY is liable for any damages arising from this breach of the duty of care causing injury to BERRY.

124. As a proximate result of ROMANO, COSTA and DAMON's negligent conduct, BERRY has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages  in amounts to be determined at trial. The defendant, the Town of HADLEY is liable for any damages arising from this breach of the duty of care causing injury to BERRY.

125. On June 27, 2018, BERRY served the defendant the TOWN OF HADLEY with a letter of presentment pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4].  The TOWN OF HADLEY acknowledged receipt of the presentment letter through their insurer, MIIA Memeber Services. The TOWN OF HADLEY never made an offer to resolve the case;

**SEVENTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**

**(Against Defendants ROMANO, COSTA and DAMON)**

126. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

127. The defendants, ROMANO, COSTA and DAMON intentionally touched the person of BERRY without justification or excuse;

128. To the extent the that defendants, ROMANO, COSTA and DAMON had a justification to touch BERRY's person so as to effect an arrest, the manner of touching was unreasonably brutal and exceeded the force that was necessary;

129. BERRY did not consent to these defendants touching of her person;

130. BERRY suffered physical and emotional pain and suffering as a proximate result of the defendants touching of her person;

131. BERRY suffered a fractured arm as a proximate result of the defendants touching her person

132. BERRY suffered economic damages as a proximate result of the defendant touching his person, including but not limited to medical expenses, lost wages, and lost earning potential.

### EIGHTH CLAIM FOR RELIEF
### FALSE ARREST / FALSE IMPRISONMENT
**(Against Defendants ROMANO, COSTA and DAMON)**

133. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

134. The defendants, ROMANO, COSTA and DAMON intentionally did attempt to confine BERRY without justification, excuse or probable cause;

135. The defendant, ROMANO, COSTA and DAMON were successful in their effort to confine BERRY by placing her in handcuffs, by placing her in a police cruiser and by transporting her detaining her at the HADLEY police department;

136. BERRY did not consent to this arrest and detention;

137. BERRY was conscious of the defendants actions in detaining her;

138. BERRY suffered physical and emotional pain and suffering as a proximate result of the defendants arrest and detention of her person. BERRY suffered a fractured arm as

a proximate result of the defendants touching her person

### NINTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION
### (Against Defendants the TOWN OF HADLEY, ROMANO and COSTA)

139. BERRY hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

140. The defendants, the TOWN OF HADLEY and ROMANO began a criminal prosecution against BERRY for applying for a criminal complaint with the Eastern Hampshire District Court;

141. The defendants, the TOWN OF HADLEY, ROMANO and COSTA permitted and continued this criminal prosecution through a trial that had not merit;

142. The defendants, the TOWN OF HADLEY, ROMANO and COSTA permitted and continued this criminal prosecution through a trial when they knew or should have known that the prosecution of the matter and the allegations were groundless;

143. The defendants, the TOWN OF HADLEY, ROMERO and COSTA continued prosecution of this matter was based upon malicious intent toward BERRY;

144. The defendants sought three criminal counts against BERRY. First, a charge for disorderly conduct was dismissed by the prosecution based upon the prosecuting attorney's determination that the elements of the crime could not be established at trial; Second, a charge of resisting arrest was disposed of by the trial judge who found, even in a light most favorable to the Commonwealth, the government could not prove this chare and allowed a required finding of not guilty; and Third, BERRY was found NOT GUILTY on a charge of operating under influence of liquor by a just of six after a trial.

145. BERRY suffered emotional pain and suffering as a proximate result of the defendants malicious prosecution. BERRY suffered expenses associated with the malicious prosecution. BERRY suffered attorney fees, loss of time, loss of her driving privileges and significant anxiety until such time as she was exonerated.

**PRAYER FOR RELIEF**

The Plaintiffs requests judgment against the Defendants:

A. In an amount to be determined by the jury for compensatory damages, including but not limited to:

   i. Financial losses;
   ii. Immediate Physical Discomfort [at the time defendants broke her arm];
   iii. Long Term Pain and Suffering due to physical injuries from the broken arm;
   iv. Emotional pain and suffering;
   v. Emotional distress;
   vi. Humiliation and Embarrassment
   vii. Inconvenience, annoyance and alarm;
   viii. Medical Expenses;
   ix. Lost Wages;
   x. Lost Earning Potential;

B. In an amount to be determined by the jury for punitive damages;

C. Awarding the plaintiffs the costs associated with this action;

D. Awarding the plaintiffs their reasonable attorney fees;

E. Granting the plaintiff such other and further relief as the court deems just and proper;

F. **THE PLAINTIFF DEMANDS A <u>JURY TRIAL</u> ON ALL COUNTS.**

                                            Respectfully submitted,
                                            TIFFANY A. BERRY, the plaintiff
                                            by the plaintiffs' attorney

July 31, 2019                             /s/ *ALFRED P. CHAMBERLAND*
                                            Alfred P. Chamberland
                                            BBO # 564151
                                            5 Arthur Street, PO Box 217
                                            Easthampton, MA 01027
                                            Telephone (413) 529 0404
                                            Fax: (413) 529-0347
                                            E-mail: attorney.chamberland@gmail.com